No. 1099           December 17, 2025           789

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

N. C.,
*Appellant.*

Multnomah County Circuit Court
24CC06574; A186185

Monica M. Herranz, Judge.

Submitted November 19, 2025.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5. Appellant does not dispute that he meets the statutory definition of a person with a mental illness, rather, he argues that the trial court erred in concluding that he was unlikely to "participate in treatment on a voluntary basis," ORS 426.130(1)(a)(A) (2023), *amended by* Or Laws 2025, ch 559, § 5. We affirm.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted).

Once a trial court has determined, as it did here, that a person is mentally ill based upon clear and convincing evidence, it "must order the person's release and dismiss the case if the person is 'willing and able to participate in treatment on a voluntary basis' and the court finds that 'the person will probably do so.'" *State v. M. J. M.*, 301 Or App 638, 640-41, 456 P3d 363 (2020) (quoting ORS 426.130 (1)(a)(A)(i) - (ii) (2023), *amended by* Or Laws 2025, ch 559, § 5). It is appellant's burden to establish the foregoing by a preponderance of the evidence. *Id.*

On this record, the trial court was permitted to determine that appellant did not demonstrate that he would probably participate in treatment on a voluntary basis. According to testimony at the hearing, appellant repeatedly asserted that he did not need or want medication and refused to take certain medications while hospitalized. Although appellant testified that he would take medication if released, the trial court was not compelled to credit that testimony over the other evidence in the record. *See id.* at 641 ("A court is not required to release a mentally ill person merely because the person has expressed a willingness to engage in voluntary treatment.").

Affirmed.